FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2017 APR -3  PM 4: 28
**ORLANDO DIVISION**

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Case Number:

JUAN CARLOS GIL,
On His Own Behalf, and On Behalf
of All Other Individuals Similarly Situated,

CASE NO.: 6-17-CV-592-ORL-31 DCF

     Plaintiffs,

vs.

GREATER ORLANDO AVIATION
AUTHORITY,

     Defendant.

---

## CLASS ACTION COMPLAINT

---

Plaintiff Juan Carlos Gil, on his own behalf and on behalf of all Other Individuals

Similarly Situated, by and through his undersigned counsel, hereby sues Defendant

Greater Orlando Aviation Authority for injunctive relief, monetary damages, attorney's

fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title

II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12133, et seq.

("ADA"), 28 C.F.R. Part 35 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.

§794 and allege as follows:

### INTRODUCTORY STATEMENT

1.    This class action seeks to end the civil rights violations committed by

Defendant Greater Orlando Aviation Authority (also referenced as "Orlando Aviation

Authority," or "Defendant"), against blind and visually impaired individuals. Orlando

1

Aviation Authority is denying blind individuals opportunity to participate in or benefit from the aid, benefit, or service provided through the Best Buy kiosk in Orlando International Airport (hereafter as "Airport"). The Best Buy kiosk installed in Airport provides an array of services to hundreds of thousands of passengers in the airport on a daily basis. These services include the ability to browse, select and pay for an assortment of electronic items (including mobile phones, chargers, MP3 players, noise-canceling headphones, tablets, digital cameras and more). The Best Buy kiosk makes use of an exclusively visual, touch-screen interface that is inaccessible to the blind. Defendant failed to provide any alternative means such as the training of qualified readers to assist visually impaired and blind customers.

2.     In the wave of automation and vending service made possible by technological advances in recent years, kiosks are becoming an increasingly prominent part of the retail service that airports provide to passengers. Service providers such as banks and theaters are among the many employing kiosks to better serve consumers.

3.     Many blind people enjoy retail service as well as with sighted friends and family, just as sighted people do. The lack of opportunity to participate in the service provided through kiosks means that blind people are excluded from the rapidly expanding retail service offered in airport and from purchasing goods from the kiosks.

4.     Despite readily available accessible technology such as the technology in use at accessible ATMs, which makes use of tactile controls and screen reading software, Defendant has chosen to install a Best Buy kiosk which relies on an exclusively visual interface. Sighted passengers can independently browse, select, and pay for an assortment of electronic items (including mobile phones, chargers, MP3 players, noise-canceling

headphones, tablets, digital cameras and more) at the Best Buy kiosk. However, blind customers are denied the opportunity to participate in the retail service provided in Airport. Moreover, Defendant failed to provide alternative channel for blind customers to enjoy the retail service provided through the Best Buy kiosk, such as the training of qualified readers to assist visually impaired and blind [1]customers.

5.     Blind people must rely on sighted companions or audio guide to assist them in purchasing products from kiosks.

6.     By failing to provide audio guide to the Best Buy kiosk or alternative channel for blind customers to enjoy the retail service, Defendant is violating basic equal access requirements under federal law.

7.     Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by kiosk retail services in supermarkets and other public accommodations that are inaccessible to blind and visually impaired persons.

8.     Defendant has discriminated against Plaintiff and other similarly situated individuals by denying a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service. Defendant failed to provide blind individuals opportunities to participate in services provided by the Best Buy kiosk in Airport. Plaintiff brings this action to stop Defendant's discriminatory practice.

---

[1] The use of the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision, others have no vision.

9.     This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, and to update channels of retail services provided in Airport so that Plaintiff and the proposed Class and Subclass of customers who are blind will have opportunity to participate in or benefit from the aid, benefit or service provided by Defendant in Airport. This complaint also seeks compensatory damages to compensate Class and Subclass members for having been subjected to unlawful discrimination.

## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1343, and 1367, for Plaintiff's claims arising under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, ("ADA"); and 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

11.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is authorized to conduct business within the state of Florida, is conducting business within the jurisdiction of this court, and the acts constituting the violation of the ADA occurred in this District.

12.     Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4

## THE PARTIES

### Plaintiff Juan Carlos Gil

13.     Plaintiff Juan Carlos Gil is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

14.     Plaintiff Juan Carlos Gil is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), and the Rehabilitation Act. Juan Carlos Gil suffers from cerebral palsy and optic nerve damage; as such, he is legally blind. Therefore, Juan Carlos Gil is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

15.     Plaintiff Juan Carlos Gil attempted to utilize and purchase from the Best Buy kiosk in the Airport operated by Defendant but was not able to do so due to the inaccessible nature of the Best Buy kiosk, which utilizes an exclusively visual, touch-screen interface that is inaccessible to the blind. There is no other alternative channel for Plaintiff to participate in the retail service provided by Defendant.

### Other Plaintiffs Similarly Situated – Class Members

16.     Other plaintiffs similarly situated to Plaintiff ("Class Members") are qualified individuals with disabilities under, and as defined by, the ADA.

17.     Other plaintiffs are similarly situated to Plaintiff (and therefore are Class Members) by virtue of the fact that they are visually impaired and require available accessible technology, such as the technology in use at blind accessible ATMs, which makes use of tactile controls and screen reading software, in order to access the retail

service provided by Defendant through the Best Buy kiosk in the Airport operated by Defendant.

**Defendant Greater Orlando Aviation Authority**

18. Defendant Greater Orlando Aviation Authority is a governmental entity organized under the laws of the State of Florida and located in Orange County, Florida. Defendant owns, operates, and/or maintains the Orlando International Airport, which is a place of public accommodation. The Orlando International Airport provides retail services through the Best Buy kiosk installed therein. The Best Buy kiosk provides to the public important goods and services, such as consumer electronic products, appliances and technology services. Plaintiffs seek opportunities to participate in or benefit from the aid, benefit or service provided by Defendant through the Best Buy kiosk.

## CLASS ACTION ALLEGATIONS

19. Plaintiff Juan Carlos Gil brings this case as a class action pursuant to Federal Rule of Civil Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable F.R.C.P. Rule 23(a)(1), there are questions of law and fact common to the class F.R.C.P. Rule 23(a)(2), the claims and defenses of the representative party is typical of those of the class F.R.C.P. Rule 23(a)(3), and Plaintiff Juan Carlos Gil (as a representative party) will fairly and adequately protect the interests of the class F.R.C.P Rule 23(a)(4).

20. Pursuant to the F.R.C.P. Rule 23(a), (b)(1), (b)(2), and (b)(3), Plaintiff brings this action as a class action on behalf of himself and all others similarly situated as members of the Class ("Class Members'), defined as follows:

6

"All legally blind individuals in the United States who have been and/or are being denied opportunity to participate in, or benefit from the aid, benefit, or service provided by Defendant through the Best Buy kiosk installed in the Orlando International Airport during the relevant statutory period."

21.    Excluded from the Class are: Defendant, its employees, its legal representatives, assigns, and successors, any entity which owns/controls Defendant and its agents and assigns, and any entities in which Defendant has a controlling interest. Also excluded is the Judge to whom this matter has been assigned, and including the Judge's immediate family.

22.    Plaintiff seeks certification of the following Florida subclass pursuant to F.R.C.P. Rule 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals who have been and/or are being denied opportunity to participate in or benefit from the aid, benefit or service provided by the Best Buy kiosk installed in Orlando International Airport during the relevant statutory period."

23.    Plaintiff reserved the right to revise the Class definition based upon facts learned in the course of litigating this matter and through the discovery process.

24.    According to the National Federation for the Blind[2], there are 7,327,800 Americans with visual disabilities within the United States including 2.0 million who are blind.[3] There are approximately 494,900 visually impaired persons within the state of Florida.

25.    Thus, the Class Members to be represented by Plaintiff Juan Carlos Gil consist of visually impaired individuals nationwide. As such, the Class is so numerous that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

---

[2] Statistics for 2013, see http://www.NFB.org/blindness-statistics
[3] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports

26.     Plaintiff Juan Carlos Gil is a representative of the Class due to the fact that he suffers from a qualified disability, in that he is visually impaired.

27.     Defendant has discriminated against Plaintiff Juan Carlos Gil and the members of the Class by denying blind individuals opportunity to participate in or benefit from the aid, benefit, or service provided through the Best Buy kiosk installed in Orlando International Airport.

28.     The questions of law and fact relating to the representative Plaintiff Juan Carlos Gil are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

29.     Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

30.     Plaintiff Juan Carlos Gil seeks injunctive relief for the implementation of the relief provide by the ADA which is the same relief which would be sought by each class member if he or she brought a claim individually.  Accordingly, Plaintiff Juan Carlos Gil (as a representative party for the Class) will fairly and adequately protect the interests of the Class.

31.     The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

32.     Absent this matter being pursued as a Class Action, most of the Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy.

8

33.     Further, prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standard by the Defendant and adjudication which may be dispositive of the interest of the other Class members.

34.     This case arises out of Defendant's common policy and practice of denying blind individuals benefit or service provided through the Best Buy kiosk installed in Orlando International Airport by the very nature of the visual, touchscreen format as well as Defendant's failure to provide any alternative means such as the training of qualified readers to assist visually impaired and blind customers. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied opportunity to participate in or benefit from the aid, benefit or service provided by Defendant.

35.     There are common questions of law and fact common to the class, including without limitation, the following:

a.      Whether Defendant, Orlando Aviation Authority, is a "public accommodation" under the ADA;

b.      Whether Defendant, Orlando Aviation Authority, denies a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit or service due to the lack of accessible features with their Best Buy kiosk in violation of the ADA; and

c.      Whether Orlando Aviation Authority, denies blind individuals opportunity to participate in or benefit from the aid, benefit or service

provided through the Best Buy kiosk due to the absence of any auxiliary aids associated with the kiosk in violation of the ADA.

36.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, is severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA by failing to make their kiosk accessible to the class of people who are legally blind.

37.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to F.R.C.P. Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

38.     Alternatively, class certification is appropriate under F.R.C.P. Rule 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

39.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

40.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

41.     The questions of law and fact common to Class Members predominate over any questions affecting the individual Plaintiff or individual Class Members. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

42.     Plaintiffs Juan Carlos Gil and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from Defendant Orlando Aviation Authority's unlawful and discriminatory practices.

43.     Plaintiff and Class Members will continue to suffer irreparable injury from Defendant Orlando Aviation Authority's intentional acts, policies, and practices set forth herein unless enjoined by the court.

## FACTUAL ALLEGATIONS

44.     The Best Buy kiosk installed in the Orlando International Airport is a self-service, automated machine that allows sighted customers to purchase electronic consumer goods independently by using a touch-screen interface, without the assistance of a store clerk or any other third party. Passengers do not need to enter stores in order to purchase electronic items using the Best Buy kiosk.

45.     The Best Buy kiosk installed in the Orlando International Airport is inaccessible to blind and visually impaired individuals. The Best Buy kiosk makes use of an exclusively visual interface that requires users to identify and interact with command icons to browse film titles visually, on the screen, without any adaptive features, such as a

screen reader with audio description or tactile buttons used to control commands. As a result, all of the services and features provided by the Best Buy kiosk is only available to sighted customers.

46.    The technology needed to make the touch-screen kiosks accessible to blind customers is readily achievable, and is already in use by other sales establishments and at automated bank teller machines throughout the nation. This technology includes an audio interface system, a tactile keyboard, and/or interactive screen reader technology for use with touch screens.

47.    Defendant is aware of means by which its existing Best Buy kiosk could be made accessible to blind individuals. Defendant could have provided any alternative means such as the training of qualified readers to assist visually impaired and blind customers. Nevertheless, Defendant has refused to make its Best Buy kiosk accessible to blind individuals.

48.    Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny Plaintiff and blind individual's opportunities to participate in or benefit from the aid, benefit, or service provided through the Best Buy kiosk installed in the Orlando International Airport.

49.    The Best Buy kiosk is shown below:



Fig. 1



Fig. 2

50.     As shown at Fig. 1 and Fig. 2, the Best Buy kiosk makes use of an exclusively touch-screen interface, and the kiosk is devoid of a jack for headphones (as is standard on the ATM machine configurations currently in use with standard 3.55 mm jacks). Therefore, the Best Buy kiosk does not utilize audio technology.

51.     Sighted customers who use the Best Buy kiosk have access to a variety of accommodations, advantages, facilities, privileges, and services, including the ability to purchase electronic consumer goods, without the assistance of an employee or another third party.

52.     In contrast, blind customers were not provided any alternative means to enjoy the service provided through the Best Buy kiosk.

53.     Under Title II of the ADA, Plaintiffs are entitled to opportunity to participate in or benefit from the aid, benefit or service provided by Defendant in the airport. "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 42 U.S.C. § 12132.

54.     Defendant has failed to provide any available readers, much less "qualified readers" to assist visually impaired individuals to access the touch-screen technology for the Best Buy kiosk. Defendant does not provide any employees to assist visually impaired customers with their purchases.

55.     Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. By not removing these

barriers to make the Best Buy kiosk accessible to blind customers, Defendant has denied Plaintiff and similarly situated blind customers' opportunity to participate in or benefit from the aid, benefit, or service provided in Airport.

56.     Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

a.     implementing and maintaining services that discriminate against members of the putative class and subclasses with knowledge of such discrimination; and/or

b.     implementing and maintaining services that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

c.     failing to act in the face of the substantial likelihood of harm to class and subclass members' rights protected under federal law.

57.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

58.     Plaintiff Juan Carlos Gil, on his own behalf and on behalf of Class Members re-allege and hereby incorporate all other paragraphs as if fully stated herein.

59.     Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 provides:

"No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

15

60.     Plaintiff Juan Carlos Gil is an individual with a disability within the meaning of the ADA. Plaintiff Juan Carlos Gil has an impairment that substantially limits the major life activity of seeing. 42 U.S.C. § 12102(2)(A).

61.     Defendant, Orlando Aviation Authority, is a public entity. 42 U.S.C. § 12131(1). The Best Buy Kiosk installed in Airport is aid, benefit or service provided by Orlando Aviation Authority.

1.     Defendant Orlando Aviation Authority owns, operates, maintains, and controls the Orlando International Airport, which is a place of public accommodation as defined at 42 U.S.C Section 12181(7)(G) as "[A] terminal, depot, or other station used for specified public transportation." As such, the Orlando International Airport is subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(G) and 28 C.F.R. Part 36.

62.     As the owner of a place of public accommodation (the Orlando International Airport), Defendant meets the definition of a "Public Accommodation" under 42 U.S.C. Section 12181(7)(F), and is therefore subject to the requirements of Title III of the ADA.

63.     The Best Buy Kiosk located within the Orlando International Airport provides the public with the ability to purchase sundry merchandise, therefore the Best Buy Kiosk is a place of public accommodation as defined at 42 U.S.C. Section 12181(7)(E) as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

64.     As the lessor of space and/or provider of retail shopping services through the Best Buy Kiosk within the Orlando International Airport, Defendant is meets the

16

definition of a "Public Accommodation" under 42 U.S.C. Section 12181(7)(E) and is therefore subject to the requirements of Title III of the ADA.

65.     The acts alleged herein constitute violations of Title II of the ADA, 42 U.S.C. § 12132 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied the opportunity to participate in or benefit from aid, benefit or services that are provided to other patrons of the Orlando International Airport who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

66.     Defendant Orlando Aviation Authority has discriminated, and continues to discriminate, against Plaintiff and Class Members by excluding blind individuals the opportunity to participate in or benefit from of the services, programs or activities of Defendant, namely as related to the Best Buy kiosk within the Orlando International Airport; 42 U.S.C. § 12132.

67.     There is readily available accessible technology, such as the technology in use at blind accessible ATMS, which makes use of tactile controls and auxiliary aids, which can be integrated into the Best Buy kiosk in the Orlando International Airport to make it independently accessible to blind people. Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

68.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct as related to the Best Buy kiosk in the Orlando International Airport. These violations are ongoing.

69.     As such, Defendant discriminates, and will continue in the future to

discriminate against Plaintiff and members of the proposed class on the basis of disability by denying the opportunity to participate in or benefit from aid, benefit or services that are provided to other patrons who are not disabled in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132 *et seq.* and/or its implementing regulations.

70.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

71.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

72.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

73.     Pursuant to 42 U.S.C. § 12133 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

74.     Pursuant to 42 U.S.C. §12133, this Court is vested with the authority to grant the Plaintiff and Class Members injunctive relief, including an order to require Defendant to cease and desist discriminatory practices and if necessary to cease and desist operations of its touch screen kiosk until the requisite modifications are made such that the retail services provided through the kiosk becomes accessible to persons with disabilities.

75.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Orlando Aviation Authority.

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

76.      Plaintiff Juan Carlos Gil, on his own behalf and on behalf of Class Members re-allege and hereby incorporate all other paragraphs as if fully stated herein.

77.      Plaintiff is legally blind and therefore a qualified individual with disabilities under the Rehabilitation Act.

78.      Section 504 of the Rehabilitation Act, 29 U.S.C. §794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

79.      Orlando Aviation Authority has discriminated against Plaintiff by failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are deaf or hard of hearing, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

80.      Orlando Aviation Authority's actions were intentional, with reckless disregard, and with deliberate indifference to the rights and needs of the Plaintiff herein.

81.      Plaintiff request that the court enter judgement in his favor to declare that Defendant's actions violate the Rehabilitation Act of 1973, and award Plaintiff damages for his injuries, emotional suffering and reasonable attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE Plaintiff Juan Carlos Gil, on his own behalf and on behalf of the Class Members, hereby demand judgment against Defendant Orlando Aviation Authority and request the following injunctive and declaratory relief:

a)   The Court to certify this matter as a Class action under Fed. R. Civ. P. Rule 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff Juan Carlos Gil as the Class representative, and appointing the undersigned as Class counsel;

b)   The Court to issue a declaratory judgment that Defendant Orlando Aviation Authority has violated the Plaintiff's and Class Members' rights as guaranteed by the ADA and Section 504;

c)   A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12132, *et seq.,*;

d)   A preliminary and permanent injunction requiring Defendant to take the steps necessary to make the kiosk service readily accessible to and usable by blind individuals;

e)   A declaration that Defendant has owned, maintained and/or operated the Best Buy kiosk in Orlando International Airport in a manner which discriminates against the blind by failing to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12132, *et seq.,*;

f)   The Court enter an Order compelling Defendant to provide for appropriate accommodations to blind individuals by providing appropriate auxiliary aids and services as related to the Best Buy kiosk in Orlando International Airport within a reasonable time;

20

g)   The Court enter an Order compelling Defendant to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendant's policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendant is in compliance with the ADA and Section 504;

h)   Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by federal law;

i)   The Court to award damages, including statutory damages where applicable, to Plaintiff and Class Members in an amount to be determined at trial;

j)   The Court to award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; pre- and post-judgment interest to the extent allowable; and other equitable relief as the Court deems proper; compensatory damages sustained by Plaintiff and the Class; statutory damages, including punitive damages; and permanent injunctive relief prohibiting Defendant from engaging in the conduct and practices complained of herein; and

k)   That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 27th day of March, 2017.

Respectfully submitted,

_s/Scott Dinin_
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
Florida Bar No. 97780
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Attorney for Plaintiffs*

21